UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DIANE DORITTY, JOSEPHINE FLETCHER,
KAREN CARR, DEBRA SLATON and
BRYAN SLATON, on their own behalf and on
behalf of others similarly situated,

    Plaintiffs,

v.                                                                                          CASE NO.:

MICRO MATIC USA, INC., a Foreign
Corporation

    Defendant.
_____/

## COLLECTIVE ACTION COMPLAINT
## AND JURY TRIAL DEMAND

Plaintiffs, DIANE DORITTY, JOSEPHINE FLETCHER, KAREN CARR, DEBRA SLATON and BRYAN SLATON ("Plaintiff"), by and through undersigned counsel, file this Collective Action Complaint against the Defendant, MICRO MATIC USA, INC. ("MICRO MATIC" or "Defendant") under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq*. and Florida Civil Rights Act ("FCRA"), Fla. Stat. § 760.10, *et seq*., and assert as follows:

## JURISDICTION, PARTIES AND VENUE

1. This Court has jurisdiction over the federal question subject matter of this civil rights action under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), as made applicable by 29 U.S.C. § 626(b). This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over the claims brought under the FCRA, which are so related to

claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2. Venue is proper in the Middle District of Florida because a substantial part of the events giving rise to this claim arose within this District, where Defendant operates a manufacturing facility and is conducting business.

3. This Court has personal jurisdiction over Defendant because it systematically and continuously engages in substantial interstate commercial conduct and business activity within Florida, operates facilities in Florida, including Hernando County, and because the case arises out of Defendant's unlawful conduct within this District.

4. At all times material, Plaintiffs are and were residents of the State of Florida.

## GENERAL ALLEGATIONS

5. Defendant is an "employer" within the meaning of the ADEA and FCRA.

6. Plaintiffs were "employees" of Defendant within the meaning of the ADEA and FCRA.

7. Plaintiffs each timely dual filed written charges of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR").

8. Plaintiffs' charges have been pending with the FCHR for more than 180 days, and the FCHR has not issued "no cause" findings. This action is being

filed within four years of Defendant's discriminatory actions.

9. More than 60 days have elapsed since the Plaintiffs filed their charges with the EEOC.

10. Plaintiffs have exhausted all administrative remedies and have met all conditions precedent to filing this lawsuit.

11. Defendant engaged in a pattern of age discrimination in violation of the ADEA and the FCRA.

12. Defendant, Micro Matic USA, Inc., manufactures and supplies beer keg valves and dispensing equipment in over 120 countries. Defendant has four distribution centers in the United States, located in Brooksville, FL; Northridge, CA; Machesney Park, IL; and Center Valley, PA.

13. Defendant is comprised of three operating divisions: Dispense Service, Manufacturing and Industrial. The Manufacturing division operates production and assembly operations in Brooksville, Florida. There are between 501-1,000 employees in the company worldwide, and approximately 200 alone at the Brooksville, Florida location.

14. Micro Matic USA, Inc. is a wholly owned subsidiary of Micro Matic A/S, located in Odense, Denmark. The Danish parent company has been in operation internationally since 1953.

15. The President of Micro Matic USA, Inc. is Torben Toftagaard, a male from Denmark. Defendant's management team consists of John Siler, Cian Hickey, Dennis Miller, Sean Fadden and Tom Geordt.

16. Plaintiff Diane Doritty is a 57 year old woman from Spring Hill, Florida who worked as an assembler for Defendant at their Brooksville, Florida location. She was hired in March 2013 and was terminated April 21, 2016.

17. Plaintiff Josephine Fletcher is a 55 year old woman from Spring Hill, Florida. She was employed by Defendant as an assembler at its Brooksville, Florida plant. She was hired April 08, 2013 and was terminated April 21, 2016.

18. Plaintiff Debra Slaton is a 54 year old woman from Spring Hill, Florida who worked as a machine operator for Defendant at their Brooksville, Florida location. She was hired in May 2013 and was terminated April 28, 2016.

19. Plaintiff Bryan Slaton is a 51 year old man from Spring Hill, Florida who worked as a machine operator for Defendant at their Brooksville, Florida location. He was hired in May 2013 and was terminated April 28, 2016.

20. Plaintiff Karen Carr is a 51 year old woman from Brooksville, Florida. She was employed by Defendant as a warehouse receiver at its Brooksville, Florida plant. She was hired August 9, 2010 and was terminated August 1, 2016.

## DISCRIMINATION AND/OR HARASSMENT

21. Plaintiffs bring this collective action on behalf of themselves and other similarly situated former employees over the age of 40 who were terminated because of their age. In April 2016, at least ten employees in the age group of 50 through 60 years were terminated in the same time frame, within one week, because of their age. Ms. Carr was subsequently fired for the same reason. Upon information and belief, there are many other employees who suffered similar age

discrimination by Defendant.

22. Plaintiffs Doritty, Fletcher, Slaton, and Slaton reported to Raymond Schad. Schad told Ms. Doritty and Ms. Fletcher that she was being fired due to her "negativity," but that "[he] could terminate [her] for any reason, and negativity doesn't fit into Micro Matic."

23. Mr. Schad told Ms. Slaton that she was being fired because he heard "she didn't like it there anymore" and her "attitude changed." Mr. Schad told Mr. Slaton that he was being fired due to his "change in attitude", and because he "heard [Mr. Slaton] didn't like working there anymore".

24. Ms. Carr's supervisors include Leanna Hale, Warehouse and Logistics Supervisor and Natalie Christy, Line Lead. Both women are substantially younger than Ms. Carr; and in fact, Ms. Carr trained her supervisor, Ms. Hale when Ms. Hale was initially hired at Micro Matic in April 2015. Ms. Carr also trained Ms. Christy when she was initially hired.

25. Ms. Hale terminated Ms. Carr on August 1, 2016. She told Ms. Carr that she was being fired due to "ongoing behavioral issues", and "unacceptable behavior". Ms. Carr was an exemplary employee and never received a write-up during her six years of employment with Micro Matic USA until June 2016.

26. Management was aware Ms. Carr and a coworker, "Alex" LNU had their differences because Ms. Carr had informed her supervisors, "Alex" was not correctly performing her duties. Alex is very friendly with, and about the same age as her supervisors, Leeanna Hale and Natalie Christy. After Ms. Carr addressed her

concerns with her supervisors, Alex gossiped to other co-workers about Ms. Carr.

27. Ms. Carr wrote an email to her supervisor, Leeanna Hale on June 14, 2016 correcting an accusation that management thought Ms. Carr was "gossiping" to other employees; but she clarified that she only addresses her concerns with her immediate supervisors, and that not she, but Alex was trying to incite problems by gossiping to other co-workers. Ms. Carr maintained in her email that she was "trying to stay a team player and keep a positive attitude".

28. The following day, Natalie Christy, her Line Lead (and immediate overseer) prompted Ms. Carr by asking her if there was any issues going on she should be aware of; if everything was going okay. When Ms. Carr informed Ms. Christy of the issues present, Ms. Christy reported to Ms. Hale that Ms. Carr was speaking negatively about other employees. As a result, Ms. Hale chose to punish Ms. Carr by demoting her to "picker".

29. Ms. Hale continued to target Ms. Carr, even noting in Ms. Carr's file as a disciplinary problem on 6/16/16 that when Ms. Hale said "hello" to Ms. Carr, she didn't respond. Ms. Carr was not brought back to her normal position as a "receiver" until 7/26/16, four days before she was terminated.

30. On June 27, 2016, Ms. Carr was written up, and accused of gossiping about Alex, stating "negativity. . . doesn't belong in [Micro Matic USA's] culture." Ms. Carr did not sign the write-up, nor did any other manager or witness, per Micro Matic's progressive discipline policy. However, Ms. Carr was given a two-day suspension.

31. Per Defendant's progressive discipline policy, termination may result if any additional incidents occur within thirty days of the suspension. Ms. Carr did not have any additional incidents within that thirty day period.

32. On Friday, July 29, 2016; two days after she was brought back to "receiving", Ms. Hale put negative notes in Ms. Carr's file, after she inquired about the changes made to the lunch schedule. Ms. Carr asked if she could keep her early lunch, since she has taken an early lunch for the past 6 years. Ms. Hale refused to discuss it with her, and said she "doesn't have to give her what she wants". This was not a write-up; merely commentary from Ms. Hale. Two days later, Ms. Hale fired Ms. Carr.

33. Ms. Carr was terminated by Ms. Hale on Monday, August 1, 2016 for "gossiping", but Ms. Carr had not received a write-up or suspension for any alleged conduct since June.

34. Defendant, as a practice, hires young employees, most of whom are young temporary employees. Approximately half (50-60 of the employees) of the entire staff of 120 employees at the Brooksville, Florida location are temp employees. In October 2015 alone, approximately 52 younger workers were hired but no older workers for similar positions to Ms. Slaton. Management made jokes about co-workers within the last few months, saying: "you old Hag you cannot do your job today you just want to go home."

35. Defendant assigned the young, newly hired temp employees to the older employees with seniority, for training, but once the training was complete,

Defendant fired the old employees and retained the newly hired, young employees.

36.  For example, Ms. Slaton trained the young girl who came to take her position. Ms. Slaton was told to show the young new-hire, "everything she knows". When the new employee's training was complete, Ms. Slaton was terminated.

37.  Defendant has a history of discriminating against older workers. For example, Mr. Toftagaard has told employees that he has a "five to seven year plan," and has fired and/or refused training to older workers because they were too old to fit into that plan, replacing them with younger workers. *See John Walsh v. Micro Matic USA, LLC*, No. 8:10-cv-01248 (M.D. Fla.).

38.  Mr. Toftagaard has made comments to employees about their age, such as asking them how old they were and "how much longer [they] planned to work." *Id.*

39.  Plaintiffs had never been spoken to by any agent of Defendant about the purported reasons for termination prior to their terminations, nor had they ever received any warnings; verbal or written, for any disciplinary issues during her three (3) years of employment with the Defendant.

40.  There are no legitimate, non-retaliatory reasons for the afore-stated discriminatory actions. Plaintiffs had an impeccable record with the company; never being disciplined or reprimanded for any behavior.

41.  Moreover, the company blatantly ignored its progressive discipline policy by engaging in the above retaliatory actions without providing any prior notice to Ms. Slaton. As the Eleventh Circuit recently held in *Chavez v. Credit Nation Auto*

*Sales, LLC*, 641 Fed. Appx. 883 (11th Cir. 2016), failure to follow the company's progressive discipline policy is convincing evidence of discrimination.

42. Plaintiffs have suffered damages for lost wages, lost benefits, emotional distress and other damages as a result of this unlawful conduct.

43. The above-described conduct constitutes age discrimination in violation of the ADEA and the FCRA.

44. Defendant's unlawful actions were intentional, willful, malicious and/or done with reckless disregard for Plaintiffs' rights.

45. Plaintiffs have been required to retain the undersigned counsel to represent him in this action and is obligated to pay them a reasonable fee for their services.

46. Plaintiffs request a jury trial for all issues so triable.

**COUNT I**
**Age Discrimination in Violation of the ADEA**

47. Plaintiffs repeat and reallege the allegations set forth in Paragraphs 1 through 46 as though fully set forth herein.

48. Defendant's conduct as herein alleged violated the ADEA, which prohibits age discrimination.

49. The foregoing actions of Defendant constitute discrimination against Plaintiffs and others similarly situated based upon their age. Plaintiffs and others similarly situated were subjected to disparate treatment based on their age.

50. As a proximate result of Defendant's discriminatory actions, Plaintiffs and others similarly situated have suffered injury, for which Plaintiff and others

similarly situated are entitled to legal and injunctive relief.

51. Plaintiffs request relief as described in the Prayer for Relief below.

## COUNT II
### Age Discrimination in Violation of the FCRA

52. Plaintiffs repeat and reallege the allegations set forth in Paragraphs 1 through 46 as though fully set forth herein.

53. Defendant's conduct as herein alleged violated the FCRA, which prohibits age discrimination.

54. The foregoing actions of Defendant constitute discrimination against Plaintiffs based upon their age. Plaintiffs were subjected to disparate treatment based on their age.

55. As a proximate result of Defendant's discriminatory actions, Plaintiffs have suffered injury, to which Plaintiff is entitled to legal and injunctive relief.

56. Plaintiffs request relief as described in the Prayer for Relief below.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that this Court:

1. Enter a judgment declaring this action to be a collective action properly maintained under 29 U.S.C. §216(b), that the Plaintiffs be designated as representatives of the ADEA Class, and that their counsel of record be designated as ADEA Class Counsel;

2. Enter a declaratory judgment that the practices complained of in this complaint are unlawful and violate the ADEA and the FCRA;

3. Grant all injunctive relief necessary to bring Defendant into compliance

with the ADEA and the FCRA;

4. Order Defendant to pay the wages, salary, employment benefits, and other compensation denied or lost to Plaintiffs and others similarly situated by reason of Defendant's unlawful actions, in amounts to be proven at trial;

5. Order Defendant to pay liquidated damages pursuant to the ADEA;

6. Order Defendant to pay compensatory damages for Plaintiffs' emotional pain and suffering, in an amount to be proven at trial;

7. Order Defendant to pay exemplary and punitive damages;

8. Order Defendant to pay attorneys' fees and costs of the action;

9. Order Defendant to pay interest at the legal rate on such damages as appropriate, including pre- and post-judgment interest; and

10. Grant any further relief that the Court deems just and proper.

Dated this 11th day of July, 2017.

Respectfully submitted,

**WHITTEL & MELTON, LLC**
*/s/ Jay P. Lechner*
Jay P. Lechner, Esq.
Florida Bar No.: 0504351
Jason M. Melton, Esq.
Florida Bar No.: 605034
One Progress Plaza
200 Central Avenue, #400
St. Petersburg, Florida 33701
Telephone: (727) 822-1111
Facsimile: (727) 898-2001
Service Email:
Pleadings@theFLlawfirm.com
lechnerj@theFLlawfirm.com
sonia@theFLlawfirm.com
*Attorneys for Plaintiff*