UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.: 8:17-cv-1679-T-17AEP

DIANE DORITTY, JOSEPHINE FLETCHER,
KAREN CARR, DEBRA SLATON and
BRYAN SLATON,

    Plaintiffs,

v.

MICRO MATIC USA, INC.,

    Defendant.

_____/

## DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT, AND INCORPORATED MEMORANDUM OF LAW

COMES NOW Defendant, MICRO MATIC USA, INC., (hereinafter "MICRO MATIC") by and through undersigned counsel, and move to dismiss Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 8(a) and 12(b)(6), or in the alternative, for a more definite statement pursuant to Fed. R. Civ. P. 12(e), and in support thereof states as follows:

### I.    Statement of Relief Requested

Defendant requests that Plaintiffs' Complaint be dismissed pursuant to Rules 8(a), and 12(b)(6) of the Federal Rules of Civil Procedure. Alternatively, Defendants move for an Order requiring Plaintiff to re-plead her Complaint pursuant to Rule 12(e).

### II.    Statement of the Basis for the Relief Requested

Plaintiffs initiated this action by filing their Complaint in this Court on July 13, 2017. Plaintiffs' Complaint alleges that Defendant MICRO MATIC violated the Age

Discrimination in Employment Act, 29 U.S.C. §621, *et seq.* (hereinafter "ADEA") and Florida Civil Rights Act, Florida Statute §760.10, *et seq.* (hereinafter "FCRA").

The factual recitations within Plaintiffs' Complaint include allegations that:

1. Defendant engaged in a pattern of age discrimination in violation of the ADEA and the FCRA. (Doc #1, ¶ 11);

2. Plaintiff DIANE DORITTY is a 57-year-old woman who worked as an assembler for Defendant from March 2013 through April 21, 2016 (Doc #1, ¶ 16);

3. Plaintiff JOSEPHINE FLETCHER is a 55-year-old woman who worked as an assembler for Defendant from April 2013 through April 28, 2016 (Doc #1, ¶ 17);

4. Plaintiff DEBRA SLATON is a 54-year-old woman who worked as a machine operator for Defendant from May 2013 through April 28, 2016 (Doc #1, ¶ 18);

5. Plaintiff BRYAN SLATON is a 51-year-old man who worked as a machine operator for Defendant from May 2013 through April 28, 2016 (Doc #1, ¶ 19);

6. Plaintiff KAREN CARR is a 51-year-old who worked for as a warehouse receiver for Defendant from August 2010 through August 1, 2016 (Doc #1, ¶ 20);

7. Plaintiffs attempt to bring this as a collective action representing themselves and other similarly situated former employees over the age of 40, "who were terminated because of their age" noting that in April of 2016 "at least ten employees" in the age group of 50 to 60 years old were terminated within one week's time, "because of their age." (Doc #1, ¶ 21);

8. Plaintiffs DORITTY, FLETCHER, SLATON, AND SLATON reported to Raymond Schad, who indicated to both FLETCHER and SLATON that their terminations were due to their negativity and changes in attitude. (Doc #1, ¶ ¶ 22-23).

9. Plaintiff CARR's supervisors were younger than Plaintiff CARR and indicated she was being terminated for behavioral issues. (Doc #1, ¶ ¶ 24-25);

10. No purported basis for the termination of Plaintiffs SLATON and SLATON are provided anywhere within Plaintiffs' Complaint. (Doc #1);

11. Defendant purportedly, "as a practice, hires young employees" most of whom are temporary employees; (Doc #1, ¶ 34);

12. "Management" made jokes "about co-workers" referencing an "old Hag" wanting to go home. (Doc #1, ¶ 34);

13. Defendant's President has a "five to seven-year plan" for the company. (Doc #1, ¶ 37); and

14. Despite indications of prior discipline against certain Plaintiffs within the Complaint (Doc #1, ¶¶ 28-30), Plaintiffs then contrarily assert that Plaintiffs never received either verbal or written warnings nor received discipline prior to their terminations. (Doc #1, ¶ 39).

Plaintiffs' Complaint does not contain a short and plain statement *showing entitlement to relief*. Plaintiffs also failed to file consent to join forms which are required in order to proceed as a collective action and failed to sufficiently allege a basis to proceed as a collective action. Plaintiffs' Complaint should be dismissed as it fails to conform to the basic pleading requirements of the Federal Rules of Civil Procedure and because

they have failed to state a cause of action upon which relief may be granted. Defendant therefore requests that this Court dismiss the Complaint in its entirety.

### III. Memorandum of Law

#### a. Motion to Dismiss Standard

Fed. R. Civ. P. 8(a)(2) requires that: "[a] pleading that states a claim for relief must contain: … (2) [a] short and plain statement of the claim showing that the pleader is entitled to relief." As a threshold matter, Rule 8 requires a short and plain statement of the claim in order to provide Defendants with fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) *citing Conley v. Gibson*, 355 U.S. 41, 47, (1957)(internal citations omitted). Further, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly* at 555, *citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)(internal citations and formatting omitted). The Supreme Court has explicitly held that Rule 8 requires that a plaintiff's allegations must, "raise a right to relief above the speculative level." *Twombly* at 555.

More recently, the Court has clarified that:

> "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is **plausible on its face**. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard … asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint <u>is inapplicable to legal conclusions</u>. …Rule 8…<u>does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions</u>. Second, only a complaint that states a <u>plausible</u> claim for relief survives a motion to dismiss.where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--<u>but it has not "show[n]"</u>--"that the pleader is entitled to relief."

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) *quoting* Rule 8(a)(2), Fed. R. Civ. P., *citing Twombly* (internal formatting and citations omitted)(emphasis added).

### b. <u>Plaintiffs' Complaint Fails to Adequately Set Forth a Claim for Violation of either the ADEA or FCRA</u>

Plaintiffs attempt to bring claims for violation of the ADEA and FCRA. (Doc. #1, ¶ 1). Count I, titled "Age Discrimination in Violation of the ADEA" alleges that "Defendant's conduct as herein alleged violated the ADEA" and that Plaintiffs and "others similarly situated" received disparate treatment due to their age. (Doc. #1, ¶¶ 48-49). Count II for violation of the FCRA contains the same conclusory allegations. (Doc. #1, ¶¶ 53-54).

Claims arising under the age provision of the Florida Civil Rights Act are construed in accord with the ADEA. *Florida State Univ. v. Sondel*, 685 So. 2d 923, 925 (Fla. 1st DCA 1996) *citing Florida Department of Community Affairs v. Bryant*, 586 So. 2d 1205 (Fla. 1st DCA 1991). Under both provisions, Plaintiffs bear the burden of proof, by a preponderance of evidence, that age was the "but-for" cause of the challenged employer decision. *Gross v. FBL Fin. Servs.*, 557 U.S. 167, 177-8 (2009). A *prima facie* case may be established via direct evidence of discriminatory intent, such as age-related statements made <u>by the decision maker</u>; via circumstantial evidence which complies with the test set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817,

(1973); or via a statistical pattern of discrimination. *Zaben v. Air Prods. & Chems.*, 129 F.3d 1453, 1457 (11th Cir. 1997) *citing Earley v. Champion International Corp.*, 907 F.2d 1077 (11th Cir.1990) and *Clark v. Coats & Clark, Inc.*, 990 F.2d 1217 (11th Cir.1993) (internal citations and formatting omitted).

Plaintiffs' Complaint fails to conform with the pleading requirements of Rule 8(a)(2) and must be dismissed. Plaintiffs' Complaint contains unadorned legal conclusions, which this Court is not required to accept as true, that Defendant violated the ADEA and FCRA. Those conclusions are exclusively based upon Plaintiffs' bare assertions that Defendant terminated Plaintiffs "because of their age" based upon exactly two allegations: (1) that an unnamed management individual (not identified as one of the supervisors or decision makers at issue) made a single reference to an unidentified individual as an "old hag;" and (2) that Defendant's President has a five to seven-year plan for the company. Even taken as true for the purposes herein, these allegations are categorically inadequate to infer any age-based animus, much less to plausibly set forth any reasonable conclusion that Plaintiffs were terminated because of their age. Moreover, Plaintiffs allegations that age-based animus may be inferred by their lack of disciplinary history with Defendant is specifically contradicted by their own allegations. Again, even if this allegation is taken as true, it is insufficient to support that Defendant terminated any of the named Plaintiffs *because of* their age. Plaintiffs have otherwise alleged no direct evidence, circumstantial evidence, or statistical basis to support any inference (much less any plausible inference) that any employee was terminated because of their age.

Plaintiffs' allegations are wholly insufficient to support any plausible claim of liability for violation of the ADEA or FCRA. As framed, the Plaintiffs' own allegations are entirely insufficient and do not remotely meet the plausibility standard to infer that they, or any other similarly situated individuals, were terminated "because of" their age. As such, the Court should dismiss Plaintiffs' claims for violation of the ADEA and FCRA.

### c. Plaintiffs Cannot Pursue a Collective Action

Plaintiffs purport to proceed with their actions as a collective action on behalf of themselves and additional unidentified similarly situated former employees. (Doc #1, ¶ 21). To proceed as a collective action, the named Plaintiffs are required to file a consent to join form. *Poggi v. Humana, Inc.*, No. 8:17-cv-433-T-MAP, 2017 U.S. Dist. LEXIS 53427, *2 (M.D. Fla. April 7, 2017) *citing* 29 U.S.C. § 256, *Matos v. Macmillan Oil Co. of Fla. Inc.*, 2014 U.S. Dist. LEXIS 191059, 2014 WL 12605572, at *2 (S.D. Fla. April 22, 2014); *Garcia v. Halpern LTO, LLC*, 2014 U.S. Dist. LEXIS 195880, 2014 WL 12600055, at *3 (S.D. Fla. April 7, 2014); *Peralta v. Greco International Corp.*, 2011 U.S. Dist. LEXIS 125612, 2011 WL 5178274, at *3 (S.D. Fla. Oct. 31, 2011); and *Lago v. Amoa Construction & Development Corp.*, 2008 U.S. Dist. LEXIS 85479, 2008 WL 4540062, at *3 (S.D. Fla. Oct. 10, 2008). To survive dismissal of a collective action, Plaintiffs must provide the Defendant with fair notice of the putative class, which includes more than conclusory allegations that the claim includes others similarly situated. *Poggi* at *2, *citing Dyer v. Lara's Trucks, Inc.*, 2013 WL 609307 (N.D. Ga. Feb. 19, 2013). *See also St. Croix v. Genentech, Inc.*, 2012 U.S. Dist. LEXIS 86742, *3 (M.D. Fla. June 22, 2012). In an ADEA collective action, Plaintiffs must show that their positions are at least similar to

those of the putative class, and assert an appropriate temporal scope of class members. *Hipp* at 1217-20, *citing in part Grayson v. K Mart Corp.*, 79 F.3d 1086 (11th Cir. 1996).

None of the named Plaintiffs herein have filed an executed Consent to Join Form. *See* docket. Plaintiffs have further failed to allege sufficient allegations with regard to other purportedly similarly situated employees. Plaintiffs' only allegation in this regard is that "at least ten" employees age 50 or over were terminated within the same week in April of 2016, "because of" their age. (Doc #1, ¶ 21). Plaintiffs provide absolutely no other information about the job titles or supervisors of these individuals, no temporal scope of the purported class, and no basis whatsoever for their legal conclusion that these other individuals were terminated *because of* their age. Accordingly, Plaintiffs cannot proceed with a collective action at this time and Defendant requests dismissal of their Complaint.

### d. Alternatively, the Court Should Require a More Definite Statement

Pursuant to Federal Rule of Civil Procedure 12(e), this Court has broad discretion to order Plaintiff to provide a more definite statement where a pleading is, "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Orders for more definite statements are favored, because "unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." *Anderson v. Dist. Bd. of Trs. of Cent. Florida Cmty. Coll.*, 77 F.3d 364, 367 (11th Cir. 1996).

Should this Court deny Defendant's Motion to Dismiss, Defendant alternatively requests that the Court Order Plaintiffs to file a more definite statement.

## IV. Conclusion

**WHEREFORE**, Defendant requests this Honorable Court enter an Order dismissing Plaintiffs' Complaint, or alternatively requiring Plaintiffs to re-plead their Complaint, and to correct the above-described deficiencies, and award any other relief that this Court finds proper.

Respectfully submitted,

By: /s/ Brian D. Rubenstein
BRIAN D. RUBENSTEIN
Florida Bar No. 0016997
ERIN L. CENTRONE
Florida Bar No. 100189
Counsel for Defendants
Cole, Scott, & Kissane, PA
4301 W. Boy Scout Blvd.
Suite 400
Tampa, FL 33607
Tel: (813) 289-9300
Fax: (813) 286-2900

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of August, 2017, a true and correct copy of the foregoing has been furnished by electronic filing with the Clerk of the court via CM/ECF, which will send notice of electronic filing to all counsel of record.

8:17-cv-1679-T-17AEP

        COLE, SCOTT & KISSANE, P.A.
        *Counsel for Defendant MICRO MATIC USA, INC.*
        4301 West Boy Scout Boulevard
        Suite 400
        Tampa, Florida 33607
        Telephone (813) 864-9324
        Facsimile (813) 286-2900
        Primary e-mail: brian.rubenstein@csklegal.com
        Secondary e-mail: erin.centrone@csklegal.com
        Alternate e-mail:  patricia.toney@csklegal.com

By:  s/ Brian D. Rubenstein
      BRIAN D. RUBENSTEIN
      Florida Bar No.:  16997
      ERIN L. CENTRONE
      Florida Bar No.:  100189

1917.0724-00/7617741